# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**LORETTA MARIE BACA**,

    Plaintiff,

v.                                          **CIVIL NO. 05-319 JH/DJS**

**MICHAEL PADILLA and JUAN MONTANO**.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

    1.     This is a *pro se*, *in forma pauperis* civil rights action brought pursuant to 42 U.S.C. §1983 and 28 U.S.C. §1915. At the time she initiated this action, Plaintiff was incarcerated at the New Mexico Women's Correctional Facility in Grants, New Mexico. Plaintiff seeks monetary damages and alleges violations of her Fourth and Eighth Amendment rights by the use of excessive force in her arrest on October 1, 2003. Plaintiff also alleges that she properly filed notice of her claim pursuant to the New Mexico Tort Claims Act.

    2. As the basis of her claim, Plaintiff contends that she was handcuffed and posed no danger to the officers arresting her when she was attacked by a police dog which was released without any warning to her. Plaintiff asserts that she suffered severe bites when the dog failed to release her, resulting in permanent damage to her leg. Defendants contend that Plaintiff had escaped and was

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

fleeing when she ignored warnings to stop and was apprehended by a police dog. Defendants further state that Plaintiff was provided medical care for the bite she received from the dog, escaping custody for a second time while at the hospital for treatment.

    3. Claims based on the use of excessive force during arrest are governed by the objective reasonableness standard of the Fourth Amendment. Austin v. Hamilton, 945 F.2d 1155, 1158 (10th Cir. 1991)(citing Graham v. Connor, 490 U.S. 386, 394-5 (1989)). In determining whether the constitutional line has been crossed, the Court must inquire into the amount of force used in relationship to the need presented, the extend of the injury inflicted, and the motives of the officer. Meade v. Grubbs, 841 F.2d 1512, 1527 (10th Cir. 1988). If the officer's action amounts to an abuse of official power that shocks the conscience, it may be redressed under §1983. Id. (citations omitted).

    4. In order to aid the Court in its determination of the claims brought in the complaint, the Court directed Defendants to file a Martinez report. See Martinez v. Aaron, 570 F.2d 317, 320 (10th Cir. 1978). The Martinez report may be used in a variety of procedural situations, including in the context of a motion for summary judgment. If a Martinez report is for summary judgment purposes, however, the *pro se* plaintiff must be provided an opportunity to present conflicting evidence to controvert the facts set out in the report. Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991). The Order (Docket No. 10) directing the filing of the Martinez Report warned Plaintiff that the report might be used for summary judgment and she filed a response to the Martinez Report on September 16, 2005 (Docket No. 12).

    5. In reviewing the pleadings filed in this case, the Court notes that a *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard that formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). The Haines rule means that if a court can

reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, or his unfamiliarity with pleading requirements. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

      6. Plaintiff asserts that she was subject to excessive force when she was brought down by a police dog while restrained by handcuffs. Claims based on the use of excessive force during arrest are governed by the objective reasonableness standard of the Fourth Amendment. Austin v. Hamilton, 945 F.2d 1155, 1158 (10th Cir. 1991)(citing Graham v. Connor, 490 U.S. 386, 394-5 (1989)). In determining whether the constitutional line has been crossed, the Court must inquire into the amount of force used in relationship to the need presented, the extend of the injury inflicted, and the motives of the officer. Meade v. Grubbs, 841 F.2d 1512, 1527 (10th Cir. 1988). If the officer's action amounts to an abuse of official power that shocks the conscience, it may be redressed under §1983. Id. (citations omitted). Review of the Martinez Report indicates that Plaintiff was restrained by a police dog when she escaped from officers following her arrest and handcuffing, but before entering a vehicle for transport to jail. Generally, the Fourteenth Amendment affords pre-trial detainees the same degree of protection as convicted inmates are afforded under the Eighth Amendment. See Barrie v. Grand County, Utah, 119 F.3d 862, 866 (10th Cir. 1997).

      7. Claims of excessive force are governed by a standard of objective reasonableness. Chavez v. City of Albuquerque, 402 F.3d 1039, 1045 (10th Cir. 2005) (citing Graham v. Connor, 490 U.S. 386, 395(1989)).[2] To determine whether excessive force was used, courts look at the totality of the

---

[2] Use of a police dog has not been considered deadly force. Marquez v. City of Albuquerque, 399 F.3d 1216, 1220 n. 1 (10th Cir. 2005).

3

circumstances of each particular case, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Graham, 490 U.S. at 396 (quoted in Chavez, 402 F.3d at 1045). Courts must assesses the reasonableness of an officer's conduct "from the perspective of a reasonable officer on the scene," acknowledging that the officer may be "forced to make split-second judgments" in certain difficult circumstances. Olsen v. Layton Hills Mall, 312 F.3d 1304, 1314 (10th Cir.2002)(quoting Graham, 490 U.S. at 396-397).

    8. Through the Martinez Report Defendants argue and present documents showing that Plaintiff was arrested outside a residence on October 1, 2003 by Officers Martin Salazar, Allingham, and Montano of the Las Vegas Police Department on an arrest warrant for forgery and theft of identity. Plaintiff attempted to enter the residence and resisted the officers. After they handcuffed her, she refused to walk or stand up. A pat-down search of Plaintiff by Officer Pamela Sandoval found cocaine, heroin, and oxycontin concealed on her person. While Officer Sandoval was opening the door of her police vehicle to transport Plaintiff to jail, Plaintiff pulled free and, still in handcuffs, fled the scene on foot. Officer Sandoval pursued Plaintiff, as did Defendant Padilla with his police dog. Defendant Padilla ordered Plaintiff to stop and warned her that he would release the dog if she did not stop. When Plaintiff failed to obey the commands, the dog was released and captured Plaintiff, biting her on the thigh. Plaintiff was then transported to the hospital for treatment of the bite. Following treatment, she escaped from that facility before she could be transported to jail. Plaintiff's escape occurred within five hours of her arrest and injury. Medical records submitted in response to the Court's order and by Plaintiff indicate that she suffered a single bite to her right thigh and give no indication of permanent damage.

9.  The Fourth Amendment "do[es] not require [police] to use the least intrusive means in the course of a detention, only reasonable ones." <u>United States v.. Melendez-Garcia</u>, 28 F.3d 1046, 1052 (10th Cir.1994). In this instance, the facts show that Plaintiff suffered a minor injury from a dog bite, which was inflicted as she fled police after actively and continually resisting arrest. Although she was handcuffed, she had succeeded in evading officers' grasp and was in the process of escaping. Under the facts presented to the Court, Plaintiff cannot show excessive force was used in accomplishing her arrest.

**RECOMMENDED DISPOSITION**

That summary judgment be granted on Defendants' behalf and this matter dismissed with prejudice.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**